Carl ANDERSON, Petitioner—
Appellant,

v.

George M. GALAZA, Warden, et
al., Respondents—Appellees.

No. 02–15439.

D.C. No. CV–00–03253–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided Feb. 27, 2003.

Before CANBY, O'SCANNLAIN, and
W. FLETCHER, Circuit Judges.

MEMORANDUM *

Carl Anderson appeals the district court's denial of his writ of habeas corpus. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

We may grant a writ only if the state court's decision is an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *see Woodford v. Visciotti,* —— U.S. ——, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). "An '*unreasonable*

application of federal law is different from an *incorrect* application of federal law,'" *Visciotti,* 123 S.Ct. at 360 (quoting *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)); rather, an unreasonable application requires that "clear error occurred." *Van Tran v. Lindsey,* 212 F.3d 1143, 1154 (9th Cir. 2000).

The California appellate court concluded that the evidence Anderson alleges was suppressed was not sufficient to undermine a reviewing court's confidence in the outcome of the trial. We cannot say this decision was clearly erroneous. The Underhills were relatively minor witnesses and were strongly impeached by other evidence. Moreover, the circumstantial evidence strongly indicated that the shooting was premeditated. Even with the allegedly suppressed evidence, there is little indication that the jury's verdict would have been different. The California court thus reasonably applied the prejudice requirement of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Accordingly, the district court's decision is

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.